# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | |
|---|---|
| **ANDREIA COSTA,**<br>**Individually and on behalf of all others**<br>**similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BAYSIDE SOLUTIONS, INC. D/B/A**<br>**AADI HOME HEALTH AND HOSPICE,**<br>**and CLINTON RENDALL, INC.,**<br><br>**Defendants.** | **Case No. _____**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION**<br>**PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO**<br>**FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Andreia Costa brings this action individually and on behalf of all current and former care providers (collectively "Plaintiff and the Putative Collective/Class Members"), who worked for Bayside Solutions, Inc. d/b/a AADI Home Health and Hospice and/or Clinton Rendall (collectively "Defendants")—anywhere in the United States, at any time during the relevant time periods through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, and unpaid straight time pursuant to Texas common law. Additionally, Plaintiff Costa brings a claim for retaliation under 29 U.S.C. § 215(a)(3) and seeks unpaid wages, liquidated damages, and all other equitable relief.

## I.
## OVERVIEW

1.      This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant

to the state laws of Texas, and FED. R. CIV. P. 23, to recover unpaid straight time wages and other applicable penalties.

2.    Plaintiff and the Putative Collective/Class Members are those similarly situated persons who worked for Defendants at any time during the relevant time periods and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3.    Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.    Likewise, Plaintiff and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5.    During the relevant time period(s), Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6.    Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked in excess of forty (40) hours—was (and is) to only pay for a maximum of eight (8) hours of work each day, regardless of how many hours Plaintiff and the Putative Collective/Class Members actually worked.

7.    The effect of Defendants' practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective/Class Members was not (and is not) counted and paid; thus, Defendants have failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and Texas common law.

8. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas common law.

9. After Plaintiff Costa complained about Defendants' illegal wage practices, Defendants retaliated against her by writing her up and moving her to part time, thereby reducing her scheduled hours and income.

10. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight time and overtime compensation and other damages owed under Texas common law as a class action pursuant to FED. R. CIV. P. 23.

11. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 class be certified as defined herein, with Plaintiff Costa designated as the Class Representative of the Texas Class.

## II.
## THE PARTIES

13. Plaintiff Andreia Costa ("Costa") was employed by Defendants in Texas during the relevant time periods. Plaintiff Costa did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14. The FLSA Collective Members are those current and former care providers who were employed by Defendants at any time from January 31, 2020, through the final disposition of this

---

[1] The written consent of Andreia Costa is attached hereto as Exhibit "A."

matter, and have been subjected to the same illegal pay system under which Plaintiff Costa worked and was paid.

15.     The Texas Class Members are those current and former care providers who were employed by Defendants in Texas, at any time from January 31, 2019, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Costa worked and was paid.

16.     Defendant Bayside Solutions, Inc. d/b/a AADI Home Health and Hospice ("Bayside") is a domestic for-profit corporation, licensed to and doing business in the State of Texas, and may be served through its registered agent for service of process: **Clinton Rendall, 1001 2nd St., Bldg 1, Corpus Christi, Texas 78404.**

17.     Defendant Clinton Rendall ("Rendall") is the President and Director of Defendant Bayside. Defendant Rendall is an employer as defined by 29 U.S.C. § 203(d). Defendant Rendall may be served with service of process at: **1001 2nd St., Bldg 1, Corpus Christi, Texas 78404, or wherever he may be found.**

18.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Collective/Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

### III.
### JURISDICTION & VENUE

19.     This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

20.     This Court has supplemental jurisdiction over the additional Texas state law claims pursuant to 28 U.S.C. § 1367.

21.     Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

22.     This Court has general personal jurisdiction over Defendants because Texas qualifies as their home state.

23.     Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

24.     Specifically, Defendants' corporate headquarters are in Corpus Christi, Texas, and Plaintiff Costa worked for Defendants in Corpus Christi, Texas for the entire duration of her employment, all of which is located within this District and Division.

## IV.
## BACKGROUND FACTS

25.     Defendant Bayside provides in home nursing and hospice care in Corpus Christi, Texas, and its surrounding areas.[2]

26.     Defendant Rendall is the sole owner of Defendant Bayside.

### Defendants are Joint Employers

27.     Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

28.     Defendants directly or indirectly hired Plaintiff and the Putative Collective/Class Members.

29.     Specifically, Defendant Rendall was involved in hiring the employees of Defendant Bayside.

30.     Defendant Rendall was involved in interviewing potential employees of Defendant Bayside.

---

[2] https://www.aadihomehealth.com/about

31.     Defendant Rendall chose which potential employees Defendant Bayside would hire.

32.     Defendant Rendall selected the hourly rate Defendant Bayside's employees would earn.

33.     Defendants controlled Plaintiff and the Putative Collective/Class Members' work schedules and conditions of employment.

34.     Specifically, Defendant Rendall set work schedules for some of Bayside's employees.

35.     Defendant Rendall also created the policies and procedures applicable to Bayside's employees, such as the compensation policies and sick leave policies.

36.     Defendants determined Plaintiff and the Putative Collective/Class Members' rate and method of payment of wages.

37.     Specifically, Defendant Rendall set the rate of pay for Bayside's employees.

38.     Defendant Rendall created Bayside's pay policy, in which it would only pay Plaintiff and the Putative Collective/Class Members for a maximum of eight (8) hours of work each day, regardless of whether they worked more than eight (8) hours in a day.

39.     Defendants maintained control, oversight, and direction over Plaintiff and the Putative Collective/Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

40.     Defendants mutually benefitted from the work performed by Plaintiff and the Putative Collective/Class Members.

41.     Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Collective/Class Members.

42.     Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Collective/Class Members.

43.     Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet their respective goals and/or the goals of their clients.

44.     Defendants had the power to hire and fire Plaintiff and the Putative Collective/Class Members.

45.     Specifically, Defendant Rendall fired at least one of Bayside's employees.

46.     Defendant Rendall demoted Plaintiff Costa from a full time position to a part-time on call only position—meaning plaintiff would only work if Defendants called her.

47.     Defendants maintained Plaintiff and the Putative Collective/Class Members' employment records.

48.     Specifically, Plaintiff and the Putative Collective/Class Members' payroll records are maintained on Defendants' computer system.

49.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas state law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

**Defendants Failed to Pay Plaintiff and the Putative
Collective/Class Members for All Hours Worked**

50.     To provide their services, Defendants employed (and continue to employ) numerous care providers—including Plaintiff and the individuals that make up the putative collective and class.

51.     Plaintiff and the Putative Collective/Class Members were employed by Defendants as non-exempt, care providers who traveled to patients' homes to provide health care services.

52.     Plaintiff and the Putative Collective/Class Members job titles include (but are not limited to): Physical Therapist, Physical Therapist Assistant, Registered Nurse, Licensed Practical Nurse, Home Health Aide, and Certified Nursing Assistant.

53.     Plaintiff and the Putative Collective/Class Members' job duties include assisting patients, treating patients, scheduling appointments, taking notes on patients, filing medical paperwork, planning routes, and charting.

54.     While exact job titles may differ, these hourly employees were subjected to the same or similar illegal pay practices for similar work.

55.     Plaintiff Costa was employed by Defendants as a Physical Therapist Assistant in Corpus Christi, Texas, from approximately August 2020 to December of 2022.

56.     Plaintiff and the Putative Collective/Class Members are non-exempt employees that were (and continue to be) primarily paid by the hour.

57.     During certain periods of time, Defendants switched Plaintiff and the Putative Collective/Class Members to a piece rate—that is they were paid a set amount per patient visit.

58.     Regardless of whether Plaintiff and the Putative Collective/Class Members were paid by the hour or by the visit, Defendants never paid Plaintiff and the Putative Collective/Class Members any overtime compensation.

59.     Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

60.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies (and practices) of Defendants resulting in the complained of FLSA and Texas state law violations.

61.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, in that they all provide at-homme healthcare services on behalf of Defendants.

62.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure in that they are not paid overtime.

63.     That is, Plaintiff and the Putative Collective/Class Members are either paid on an hourly basis and are only paid for a maximum of eight hours of work each day for five days a week (a maximum of forty hours in a week), regardless of whether they worked overtime hours, or Plaintiff and the Putative Collective/Class Members are paid a piece rate and no overtime.

64.     Plaintiff and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of Defendants resulting in the complained of FLSA and Texas state law violations.

65.     Plaintiff and the Putative Collective/Class Members were typically required to work five (5) days a week for ten (10) to twelve (12) hours per day, which equates to fifty (50) or sixty (60) hours per week.

66.     Even though Plaintiff and the Putative Collective/Class Members were required to work fifty (50) to sixty (60) hours per week, Defendants would only pay them for forty (40) hours of work.

67.     Plaintiff and the Putative Collective/Class Members worked from approximately 9:00 a.m. until 5:30 p.m. visiting patients at their homes.

68.     After 5:30 p.m., Defendants would send Plaintiff and the Putative Collective/Class Members their assigned patients for the next day.

69.     Importantly, Defendants did not provide Plaintiff and the Putative Collective/Class Members a scheduled visit time, but instead required Plaintiff and the Putative Collective/Class Members to call the patients themselves to schedule a visit time.

70.     Because Defendants only provided the list of patients after 5:30 p.m. each day, Plaintiff and the Putative Collective/Class Members had to perform this required work each day after their scheduled eight (8) hour shift ended.

71.     Calling and scheduling patients for visits took Plaintiff and the Putative Collective/Class Members approximately one (1) hour of work each day.

72.     After Plaintiff and the Putative Collective/Class Members finished scheduling their visits for the upcoming day, Plaintiff and the Putative Collective/Class Members were then required by Defendants to complete paperwork, such as insurance billing, charting, and patient notes prior to the end of their day.

73.     Completing the required paperwork typically took Plaintiff and the Putative Collective/Class Members one (1) to two (2) hours each night.

74.     Once Plaintiff and the Putative Collective/Class Members completed their paperwork, they submitted copies, typically via email, to Defendants.

75.     Defendants knew Plaintiff and the Putative Collective/Class Members performed their work at night because they not only received copies of the work after normal working hours via email but also because Plaintiff and the Putative Collective/Class Members informed Defendants of these working hours.[3]

76.     Instead of recording and paying for all hours worked, Defendants chose to pay the Plaintiff and the Putative Collective/Class Members for a maximum of eight (8) hours of work each day, based only on the amount of time spent visiting patients.

77.     Defendant Rendall informed Plaintiff on numerous occasions that Defendants would pay not pay her or any other Putative Collective/Class Members for more than eight (8) hours of work in a day.

---

[3] The time Plaintiff and the Putative Collective/Class Members spent scheduling client visits and completing mandatory paperwork is collectively referred to as "After-Hours Work."

78.     If the Plaintiff or any Putative Collective/Class Member did not spend at least eight (8) hours visiting patients, Defendants would pay them for less than eight (8) hours of work—that is Defendants would pay them only for the hours spent visiting patients.

79.     Regardless of how much time Plaintiff and the Putative Collective/Class Members spent visiting patients, Defendants never paid the Plaintiff and the Putative Collective/Class Members for any of the work they were required to perform after their scheduled hours ("After-Hours Work").

80.     Defendants were (and continue to be) aware that Plaintiff and the Putative Collective/Class Members regularly worked (and continue to work) off-the-clock without pay in violation of the FLSA and Texas state law

81.     Defendants' refusal to pay Plaintiff and the Putative Collective/Class Members for their After-Hours Work resulted (and continues to result) in Plaintiff and the Putative Collective/Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Texas state law.

82.     When Plaintiff and the Putative Collective/Class Members worked four (4) or more days in a week, the unpaid hours spent completing After-Hours Work qualified as unpaid overtime.

83.     When Plaintiff and the Putative Collective/Class Members worked three (3) or fewer days in a week, the unpaid hours spent completing After-Hours Work qualified as unpaid straight time.

84.     As a result of Defendants' failure to compensate Plaintiff and the Putative Collective/Class Members for compensable work performed "off-the-clock," Plaintiff and the Putative Collective/Class Members worked straight time hours and overtime hours for which they were not compensated at the rates required by the FLSA and Texas state law.

85. Defendants knew or should have known that they were not (and are not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA.

86. Defendants knew or should have known that their failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

87. Defendants knew or should have known requiring Plaintiff and the Putative Collective/Class Members to perform necessary work while "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

88. Because Defendants did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violated (and continue to violate) the FLSA.

89. Because Defendants did not pay Plaintiff and the Putative Collective/Class Members for all straight time hours worked, Defendants' pay policies and practices violated (and continue to violate) Texas state law.

90. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to Texas state law as a Rule 23 class action.

**Defendants Retaliated Against Plaintiff**

91. Throughout her employment Plaintiff Costa complained to Defendants that she was working in excess of eight (8) hours each day on their behalf without pay.

92. On several occasions, Defendant Rendall responded to Plaintiff Costa's complaints that regardless of what she worked, Defendants would pay her for no more than eight (8) hours of time spent with patients and that Defendants would not pay for After-Hours Work—time spent

scheduling patient visits or for time spent completing required paperwork—because that work was simply "expected" to be done.

93.    Indeed, on numerous occasions Defendant Rendall disciplined Plaintiff Costa for not completing her paperwork on time—in other words, Defendant Rendall wrote Plaintiff Costa up because she did not work from home while she was off-the-clock,

94.    After December 3, 2022, Plaintiff Costa reported to Defendants that for the week of November 27, 2022, to December 3, 2022, she spent 40.48 hours visiting patients alone.

95.    Plaintiff Costa provided documentation to Defendants proving she worked 40.48 hours just visiting patients that week.

96.    Upon receipt of Plaintiff Costa's records, Defendants informed Plaintiff Costa that Defendants would not pay her overtime and that she would only be paid for forty (40) hours of work.

97.    Plaintiff Costa responded that she was tired of working for free and should be paid for all hours worked.

98.    Plaintiff Costa informed Defendants that the job cannot be done in eight (8) hours and that she regularly works far in excess of eight (8) hours each day for Defendants.

99.    Defendants then provided Plaintiff Costa with yet another disciplinary write up for asserting her right to fair wages.

100.    Specifically, Defendants wrote on Plaintiff's write up that she had "continuous complaints of … work >8hrs/day."

101.    Plaintiff Costa contested her write up asserting that it was illegal to force her and other workers to work for Defendants for free.

102.    In retaliation for Plaintiff continuing to assert her right to fair wages, Defendant Rendall demoted Plaintiff Costa from a full-time position to an "on call only position" effective on or before December 19, 2022.

103. This on-call only position ensured that Plaintiff Costa was no longer scheduled to work *any* shifts for Defendants, effectively terminating her employment with them.

104. Following her write up and effective termination, Plaintiff Costa met with Defendant Rendall to discuss her change in employment. Specifically, Plaintiff Costa informed Defendant Rendall that she would be unable to support her family financially as a result of Defendants' action.

105. Defendant Rendall informed Plaintiff Costa that her purported "demotion" meant she would have spare time to work elsewhere since by being on call only, she may or may not receive calls for work each week.

106. Defendant Rendall went on to recommend that if Plaintiff Costa did not want to be on call only, she should seek employment elsewhere.

107. After these discussions Plaintiff Costa determined she would be unable to support her family under a part time on call only position with unpredictable pay, and as a result of Defendants' retaliatory demotion, Plaintiff was forced to seek employment elsewhere.

108. Plaintiff Costa has suffered as a result of Defendants' retaliatory conduct.

109. Plaintiff Costa seeks to recover unpaid wages, liquidated damages, and all other equitable relief available under the FLSA's anti-retaliation provisions. 29 U.S.C. § 215(a)(3).

**V.**
**CAUSES OF ACTION**

**<u>FIRST CAUSE OF ACTION</u>**
**(Collective Action Alleging FLSA Violations)**

**A.     FLSA COVERAGE**

110. The preceding paragraphs are incorporated as though fully set forth herein.

111. The "FLSA Collective" is defined as:

**ALL CURRENT AND FORMER CARE PROVIDERS WHO WORKED FOR BAYSIDE SOLUTIONS, INC. D/B/A AADI HOME HEALTH AND HOSPICE AND/OR CLINTON RENDALL, INC., AT ANY TIME FROM**

**JANUARY 31, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

112. At all material times, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

113. At all material times, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

114. At all material times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a health services provider and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

115. Specifically, Defendants offer at home health services wherein their employees travel on the roadways to visit patients, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

116. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

117. In performing work for Defendants, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

118. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who produced and submitted claims to insurers across the United States and to the Federal Government for covered reimbursements. 29 U.S.C. § 203(j).

119. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

120. The proposed class of similarly situated employees—that is, FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 111.

121. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

122. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

123. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

124. Defendants knew or should have known their pay practices were in violation of the FLSA.

125. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

126. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Defendants to pay them according to the law.

127. The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful and was not reasonable nor in good faith.

128. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

129. All previous paragraphs are incorporated as though fully set forth herein.

130. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Defendants' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

131. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

132. The FLSA Collective Members are defined in Paragraph 111.

133. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

134. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

135. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

136. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

137. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

138. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Defendants will retain the proceeds of their violations.

139. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

140. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as in Paragraph 111.

## SECOND CAUSE OF ACTION
### (Class Action Alleging Violations of Texas Common Law)

**A. VIOLATIONS OF TEXAS COMMON LAW**

141. The preceding paragraphs are incorporated as though filly set forth herein.

142. Plaintiff Costa further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

143. The Texas Class is defined as:

**ALL CURRENT AND FORMER CARE PROVIDERS WHO WORKED FOR BAYSIDE SOLUTIONS, INC. D/B/A AADI HOME HEALTH AND HOSPICE, AND/OR CLINTON RENDALL, INC., IN THE STATE OF**

**TEXAS AT ANY TIME FROM JANUARY 31, 2019, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Class" or "Texas Class Members").**

144.     Plaintiff Costa and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants.

145.     These claims are independent of Plaintiff Costa's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

146.     Plaintiff Costa and the Texas Class Members provided valuable services for Defendants, at Defendants' direction, and with Defendants' acquiescence.

147.     Defendants accepted Plaintiff Costa and the Texas Class Members' services and benefited from Plaintiff Costa's timely dedication to Defendants' customers.

148.     Defendants were aware that Plaintiff Costa and the Texas Class Members expected to be compensated for the services they provided to Defendants.

149.     Defendants has therefore benefited from services rendered by the Plaintiff Costa and the Texas Class Members, and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.     TEXAS CLASS ALLEGATIONS**

150.     Plaintiff Costa and the Texas Class Members bring their Texas common law claim as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Defendants to work in Texas since January 26, 2019. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

151.     Class action treatment of Plaintiff Costa and the Texas Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

152.     The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

153. Plaintiff Costa's Texas state-law claims share common questions of law and fact with the claims of the Texas Class Members.

154. Plaintiff Costa is a member of the Texas Class, her claims are typical of the claims of other Texas Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Texas Class Members.

155. Plaintiff Costa and her counsel will fairly and adequately represent the Texas Class Members and their interests.

156. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

157. Accordingly, the Texas Class should be certified as defined in Paragraph 143.

## COUNT TWO
### (Retaliation– 29 USC § 215(a)(3))

158. At all material times, Plaintiff Costa has been entitled to the rights, protections and benefits provide by the FLSA, 29 U.S.C. §§ 201–19, because she was a non-exempt employee of Defendants.

159. Plaintiff Costa engaged in a protected activity when she complained to Defendants that she was not being paid for all hours worked, including all of her overtime hours.

160. Section 18(c) of the FLSA, 29 U.S.C. § 218c(a)(2)–(5), makes it unlawful for an employer "to discharge or in any other manner discriminate against any employee" because such employee: is about to provide information relating to an act the employee believes to be a violation of the FLSA to the federal government, is about to assist or participate in an action regarding the perceived FLSA violation, or objected to or refused to participate in a task the employee believed to be in violation of the FLSA.

161. Defendants retaliated against Plaintiff Costa, in violation of 29 U.S.C. § 218c(a)(2)–(5), for asserting her rights under the FLSA.

162. Specifically, Defendants gave Plaintiff Costa a disciplinary write up, a demotion, a downgrade in her income, and constructively terminated her.

163. Defendants knowingly, willfully, wantonly, and/or with reckless disregard carried out its retaliation against Plaintiff Costa in violation of 29 U.S.C. § 218c(a)(2)–(5).

## VI.
## RELIEF SOUGHT

164. Plaintiff Costa respectfully prays for judgment against Defendants as follows:

    a.    For an Order certifying the FLSA Collective as defined in Paragraph 111;

    b.    For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c.    For an Order pursuant to § 16(b) of the FLSA finding Defendants liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d.    For an Order certifying the Texas Class as defined in Paragraph 143, and designating Plaintiff Costa as Representative of the Texas Class;

    e.    For an Order pursuant to the Texas state law awarding Plaintiff Costa and the Texas Class Members damages for unpaid wages and all other damages allowed by law;

    f.    For an Order pursuant to the FLSA finding Defendants liable for compensatory damages, lost wages, liquidated damages, and all other equitable relief due to Plaintiff Costa for Defendants illegal retaliation;

    g.    For an Order awarding the costs of this action;

h.    For an Order awarding attorneys' fees;

i.    For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

j.    For an Order awarding Plaintiff Costa a service award as permitted by law;

k.    For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense, should discovery prove inadequate; and

l.    For an Order granting such other and further relief as may be necessary and appropriate.

Date:   February 1, 2023       Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:    */s/ Clif Alexander*
       **Clif Alexander**
       Federal I.D. No. 1138436
       Texas Bar No. 24064805
       clif@a2xlaw.com
       **Austin W. Anderson**
       Federal I.D. No. 777114
       Texas Bar No. 24045189
       austin@a2xlaw.com
       **Lauren E. Braddy**
       Federal I.D. No. 1122168
       Texas Bar No. 24071993
       lauren@a2xlaw.com
       **Carter T. Hastings**
       Federal I.D. No. 3101064
       Texas Bar No. 24101879
       carter@a2xlaw.com
       819 N. Upper Broadway
       Corpus Christi, Texas 78401
       Telephone: (361) 452-1279
       Facsimile: (361) 452-1284

       ***Counsel for Plaintiff and the***
       ***Putative Collective/Class Members***